UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00781-LJM-TAB |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Patrick Owens for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-06-0162. For the reasons explained in this Entry, Mr. Owens's habeas petition must be **denied**.

A. **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.      **The Disciplinary Proceeding**

On September 24, 2014, Sergeant Trinh wrote a Conduct Report charging Mr. Owens with disorderly conduct. The Conduct Report states:

> On 9/24/14 at approximately 6:06pm I Sergeant J. Trinh arrived on seen to a first responders call to south dorm. I noticed a very large group of offenders in the hall way to G & H unit. I ordered all offenders to clear the hallway and return to their assigned bunks. At which point I clearly observed offender Owens Patrick 133568 standing in the hallway yelling to offenders they can't make us all move. I ordered offender Owens to stop yelling and go back into his unit and bunk up. Offender Owens yelled "F*** you we [ain't] going nowhere! You can't make us do s***!" At that time the large group of offenders that w[e]re in the hallway began to get disorderly by yelling, cursing and screaming. I ordered them to stop and go bunk up. Offender Owens said "F*** you!" I told offender Owens if he didn't stop I would lock him up for being disorderly. At which time he yelled "F*** you and all the CO! You can't do s*** to me and we [ain't] gotta go nowhere!" I ordered offender Owens to turn around and cuff up, he yelled "You better not put your hands on me!" I ordered him again to turn around and cuff up, which he then complied with my order. Mechanical restraints w[e]re place[d] on offender Owens at this time and he was escorted out to the desk to the main hallway. Offender Owens was escorted to HSU and then to RHU.

Dkt. No. 9-1 at 1.

Mr. Owens was notified of the charge on September 26, 2014, when he received the Screening Report. He plead not guilty to the charge.

A hearing was held on October 13, 2014. Based on Mr. Owens's statement and the staff reports, the hearing officer found Mr. Owens guilty of disorderly conduct. The hearing officer recommended and approved the following sanctions: sixty-day earned-credit-time deprivation, a credit class demotion, and the imposition of a suspended sanction from another disciplinary action.

Mr. Owens appealed to Facility Head, arguing that there was insufficient evidence to convict him of disorderly conduct. The Facility Head modified the offense from disorderly conduct to encouraging a group demonstration, but did not modify the sanctions because they were "within guidelines and appropriate." Dkt. 9-9 at 1. Mr. Owens then appealed to the IDOC Final

Reviewing Authority, who denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Owens contends that his due process rights were violated during his disciplinary hearing in two ways: (1) he was denied an opportunity to contest his conviction for encouraging a group demonstration since his conviction was altered on appeal; and (2) there was insufficient evidence to show that he was encouraging a group demonstration. The Court will address each claim in turn.

First, Mr. Owens contends that his due process right were violated because he could not defend against the charge of encouraging a group demonstration. This is so, he contends, because he was only informed of a disorderly conduct charge prior to the hearing, and this charge was changed on appeal to encouraging a group demonstration.

"Indiana inmates have a protected liberty interest in their credit-earning class, and therefore are entitled to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.* (citations and quotation marks omitted).

The Seventh Circuit rejected an analogous argument to the one Mr. Owens advances here in *Northern*. In that case, the petitioner's charge was changed on appeal from conspiracy and bribery to attempted trafficking of tobacco. This change did not violate due process, concluded the Seventh Circuit, because the written notice informing the petitioner of the factual basis for his charge provided the petitioner with "all the information he needed to defend against the trafficking charge." *Id.* at 911. Simply put, if the facts of the initial charge are "sufficient to apprise [the

petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge. *Id.* at 910-11; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

Here, Mr. Owens was provided the Conduct Report discussed above that charged him with disorderly conduct. That report detailed that Mr. Owens was gathered with "a very large group of offenders." Dkt. 9-1 at 1. After the prisoners who were gathered were instructed to return to their cells, Mr. Owens yelled, among other things, "they can't make us all move" and "we [ain't] gotta go nowhere!" *Id.* These facts are not only the facts used to initially charge Mr. Owens with disorderly conduct, but they are also the same facts that form the basis for his encouraging a group demonstration charge. *See* Dkt. 9-9 at 1.

To the extent that Mr. Owens suggests he was entitled to a hearing on the new charge, this is also incorrect for the same reasons. Although "[i]nmates have a due process right to notice and an opportunity to call witnesses and present other evidence at disciplinary hearings, . . . a replay of the hearing is not required if an inmates administrative appeal results in [a different charge] premised on the same facts." *Davenport v. Roal*, 482 Fed. Appx. 183, 185 (7th Cir. 2012). Accordingly, the change of charge on appeal did not violate Mr. Owens's due process rights. *See Northern*, 326 F.3d at 910-11.

Second, Mr. Owens argues that there was insufficient evidence to convict him of encouraging a group demonstration. The "some evidence" standard applied to such challenges is lenient, "requiring only that the decision not be arbitrary or without support in the record."

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).  As relevant here, a conviction for encouraging a group demonstration requires evidence that a prisoner "encourage[ed] others to engage in[] a group demonstration." Dkt. 9-11 at 6.

The Conduct Report alone can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  As discussed above, the Conduct Report details that Mr. Owens, in the midst of a gathering of inmates, refused to comply with an order to return to his cell, and instead yelled, "they can't make us all move" and "we [ain't] gotta go nowhere!" Dkt. 9-1 at 1.  Given the circumstances, these statements are sufficient evidence to prove that Mr. Owens was encouraging others to engage in a group demonstration.  Accordingly, there is some evidence supporting Mr. Owens's conviction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Owens to the relief he seeks.  Accordingly, Mr. Owens's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  8/1/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PATRICK OWENS
133568
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronically Registered Counsel